UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRE BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No: 4:19CV1891 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1].  The United States of America has responded to the motion pursuant to the Court's Show Cause Order. Movant has filed a reply to the Government's response.  For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out by respondent in its response.

## PROCEDURAL HISTORY

Movant was charged on September 23, 2015 by a federal grand jury with one count of being a felon in possession of a firearm in violation of 18 U.S.C.  § 922(g)(1). DCD 1.1 Specifically, the indictment charged:

**COUNT ONE**

The Grand Jury charges that:

On or about July 27, 2015, in the City of St. Louis, within the Eastern District of Missouri,

**DEANDRE E. BROWN, a/k/a/ MICHAEL WHITE,**

the Defendant herein, having been previously convicted of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, which previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

Movant proceeded to trial on the single-count indictment on June 20, 2016. On June 22, 2016, the jury returned a verdict of guilty. The Court ordered a Presentence Investigation Report, ("PSR"), which was completed on September 14, 2016. The PSR found Movant to be an Armed Career Criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Because of this status, Movant was subject to a 15 year mandatory minimum term of imprisonment.

Movant was sentenced on October 20, 2016. There were no objections to the PSR filed. Accordingly, the Court adopted the factual findings and guideline calculations found in the PSR. The Court imposed a sentence of 235 months imprisonment and a term of three years supervised release.

Movant appealed his conviction. He argued on appeal that the Court abused its discretion in admitting Rule 404(b) evidence as being offered to prove Movant's criminal propensity and the prejudicial effect of this evidence

2

substantially outweighed its probative value.  The conviction was affirmed.  *United States v. Brown*, 727 Fed.App'x 902, 907-8 (8th Cir. 2018).

## CLAIMS FOR RELIEF

Movant set out three grounds for relief: (1) the jury was not properly instructed on the knowledge element in light of *Rehaif v. United* States, __ U.S. __, 139 S.Ct. 2191 (2019); (2) ineffective assistance of counsel for failing to object to the introduction of evidence concerning the five years Movant was sentenced to for his 2002 conviction; (3) ineffective assistance of counsel for failing to object to the Government's violation of Movant's Due Process Rights; (4)  ineffective assistance of counsel for counsel putting on evidence that was inconsistent with counsel's Opening Statement and for asking SA Hoffman the percentage of cases in federal court resulting in convictions.

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a

3

fundamental defect which inherently results in a complete miscarriage of justice.'"
*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States
v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255
motion "'[u]nless the motion and the files and records of the case conclusively
show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d
1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).
Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if
true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343,
347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir.
1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim
is inadequate on its face or if the record affirmatively refutes the factual assertions
upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905
F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can
be conclusively determined based upon the parties' filings and the records of the
case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
2052, 80 L.E.2d 674 (1984), provides the framework for evaluating
[Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United*

4

*States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires

a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

6

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions.  The prejudice prong, however, is different in the context of guilty pleas.  Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial".  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant claims that the jury was not properly instructed on the knowledge element of his felon in possession status, in light of *Rehaif*.  The Government concedes that under *Rehaif*, the knowledge requirement applies not only to a defendant's possession of a firearm, but to defendant's knowledge that at the time of the possession, he knew he had been previously convicted of a crime punishable by a term of imprisonment in excess of one year.

   The Government argues Movant has procedurally defaulted his *Rehaif* claim because he did not raise the issue at trial or on direct appeal. "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States*,

7

523 U.S. 614, 622 (1998)). Movant does not provide any opposition to the
Government's procedural bar argument.  Indeed, the record establishes that
Movant did not raise the knowledge element argument in this nor in the Appellate
Court. The claim is procedurally defaulted.  As such, the Court will consider
whether Movant has established actual innocence or cause and actual prejudice to
overcome the default.

### 1. Actual Innocence

To establish actual innocence, Movant must show that "it is more likely than
not that no reasonable juror would have convicted him" had the jury been given the
correct instruction and the Government had the opportunity to submit evidence of
the omitted element. *See Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513
U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence not mere
legal insufficiency.'" *Id.* "[A] petitioner must demonstrate actual factual innocence
of the offense of conviction, i.e., that petitioner did not commit the crime of which
he was convicted; this standard is not satisfied by a showing that a petitioner is
legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490,
494 (4th Cir. 1999). Actual innocence claims require a movant to "support his
allegations of constitutional error with new reliable evidence – whether it be
exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
physical evidence – that was not presented at trial." *Weeks v. Bowersox*, 119 F.3d

1342, 1351 (8th Cir. 1997) (quoting *Schlup*, 513 U.S. at 324). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a ... conviction." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)). "Because such evidence is obviously unavailable in the vast majority of cases, claim of actual innocence are rarely successful." *Weeks*, 119 F.3d at 1351.

Movant makes no argument he is actually innocent of the charge. The Government did not present evidence of Movant's prior convictions because the parties stipulated to the following:

> The United States of America and the defendant, Deandre E. Brown, agree and accept the following facts in this case to be proven:  That prior to July 27, 2015, the defendant, Deandre E. Brown, had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.  So stipulated.

Nor did the Government present evidence of Movant's knowledge of his relevant status, as Movant did not raise the issue and *Rehaif* had not yet been decided. The relevant question is whether it is more likely than not that no reasonable juror would have convicted him had the jury been given the correct instruction and the Government had the opportunity to submit evidence of the omitted element.

Movant does not present any evidence of his actual innocence. Indeed, his argument appears to be based on a legal insufficiency rather than factual

9

innocence. However, the Court will address the merits of the argument. At trial, Movant stipulated to the fact that he had been convicted of at least one felony crime punishable by imprisonment for more than one year

Courts have held that a reasonable jury could infer the requisite knowledge from a defendant's stipulation to a prior felony conviction. *See United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020) (stating that while a stipulation to a prior felony status "does not automatically establish knowledge of felony status, it is strongly suggestive of it.").

The Eighth Circuit has assumed that a defendant's stipulation does not resolve the issue of whether he knew he was a felon. *See United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019) ("we will assume that Hollingshed's stipulation does not resolve the issue of whether he knew he was a felon.").

Here, Movant has five prior felonies: (1) January 22, 1997, conviction in the Howard County, Indiana Circuit Court for Dealing in Cocaine on or about June 7, 1996, in Cause No. 34C01-9606-CF-00041 ("1997 Indiana Conviction"); (2) September 26, 2002, conviction in the St. Louis City, Missouri Circuit Court for Unlawful Use of a Weapon- Carrying a Concealed Weapon on or about January 1, 2002, in Cause No. 22021-CR00002-01 ("2002 Missouri Conviction"); (3) January 23, 2006, conviction in the St. Louis County, Missouri Circuit Court for

10

Distribution for a Controlled Substance on or about November 8, 2003, in Cause No. 2104R-03927-01 ("2006 Missouri Conviction"); (4) April 9, 2008, convictions in the St. Louis City, Missouri Circuit Court for First-Degree Burglary and Second Degree Domestic Assault on or about December 31, 2006, in Cause No. 0722-CR00036-01 ("2008 Missouri Conviction"); and (5) April 23, 2014, conviction in the Madison County, Illinois Circuit Court for Domestic Battery on or about January 11, 2014, in Cause No. 14-CF-70 ("2014 Illinois Conviction").

Movant actually served over a year in prison. *Hollingshed* and *Owens* are persuasive as establishing a basis for his knowledge of his status as a felon. *See also United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (concluding it was not reasonably probable that, if the Government had to prove defendant's knowledge of a previous conviction for "a crime punishable by imprisonment for a term exceeding one year," he would have been acquitted given that he had received and served several prison sentences longer than one year); *Bugh*, 459 F. Supp. 3d at 1189-90 (concluding the government would undoubtedly have proven defendant's knowledge of his status as a felon based on his 10 felony convictions, for which defendant actually served more than a year in prison for most of those convictions).

Movant has not demonstrated actual innocence to overcome his procedural default. His argument is based on a legal insufficiency rather than factual

innocence. Even if this could be considered an appropriate basis to argue actual innocence, his argument still fails. The Government's evidence as to his knowledge of his status as a felon is sufficiently strong to make it unlikely that a reasonable jury would have acquitted Movant. Movant's procedural default is not excused by a showing of actual innocence.

### 2. Cause and Actual Prejudice

With regard to cause and actual prejudice, Movant does not argue he had cause for failing to raise the knowledge issue on direct appeal, but even if he were to argue that he did not do so because the claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The Government argues this exception does not apply because the question presented in *Rehaif* was litigated in the appellate courts over the last three decades. The Government contends contrary precedent does not constitute cause for Movant's failure to raise his *Rehaif* challenge at sentencing or on appeal. The Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that time." *Bousley*, 523 U.S. at 622. However, cause may be shown if the claim "is so novel that its legal basis is not reasonably available to counsel." *Id.*

In *Bousley*, the defendant pleaded guilty in 1990 to "using" a firearm in violation of 18 U.S.C. § 924(c)(1). *Bousley*, 523 U.S. at 616. In 1995, the Supreme

Court held that the "use" prong under section 924(c)(1) required the Government to show "active employment of the firearm." *Bailey v. United States*, 516 U.S. 137, 144 (1995). When Bousley raised this issue on collateral relief, the court found it was procedurally defaulted because the claim was reasonably available to counsel on direct appeal. *See Bousley*, 523 U.S. at 622 ("Indeed, at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.'").

In *Lindsey*, the defendant pleaded guilty and was adjudicated a career offender in 2006. *Lindsey*, 615 F.3d 998, 999 (8th Cir. 2010). He brought a § 2255 motion to argue he was improperly sentenced as a career offender under *Begay v. United States*, 553 U.S. 137 (2008). When Lindsey entered his plea in 2006, the Eighth Circuit had taken up the issue that was decided in *Begay* but reached the opposite outcome. Because the issue was being litigated at the time Lindsey entered his plea, and in the same timeframe that he filed his appeal, the Eighth Circuit concluded he did not have cause for procedural default. 615 F.3d at 1000-01.

A majority of courts have rejected *Rehaif* challenges. *See United States v. Bryant*, No. 11-CR-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years."); *United States v. Catlett*, Criminal Action No. 10-324-1, 2020 WL 5982266, at *2 (E.D. Pa. Oct. 8,

2020) ("it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts."); *Dawkins v. United States*, Case Nos. 20-80987-CV-BLOOM, 17-80095-CR-BLOOM, 2020 WL 4936978, at *3 (S.D. Fla. Aug. 24, 2020) ("Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decades."); *Ramsey v. United States*, Case No. 4:19CV2643 SNLJ, 2020 WL 5230891, at *10 (E.D. Mo. Sept. 2, 2020) ("*Rehaif* was thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify under the novelty exception.").

Given that the *Rehaif* issue was being litigated in other circuit courts of appeal during the time that Movant went to trial and appealed his conviction, the issue cannot be considered novel under *Bousley*. Therefore, Movant has not demonstrated cause for his procedural default. Absent a showing of cause, there is no need to consider whether Movant can establish actual prejudice.

**Ground Two**

Movant argues counsel was ineffective for failing to object to the introduction of evidence concerning the five years Movant was sentenced to for his 2002 conviction.  As the Government correctly argues, the Eighth Circuit Court of Appeals upheld the admission of Movant's prior conviction pursuant to Rule

404(b).  Movant presents no authority for his argument that admission of the judgment, including the sentence, to prove the conviction was in error.

**Ground Three**

For his third ground for relief, Movant argues counsel was ineffective for failing to object to the Government's violation of Movant's Due Process Rights. Movant claims Lieutenant Noland's testimony was prejudicial because Noland referenced Movant as an "inmate." The Court agrees with the Government that the limited references to Movant are not overly prejudicial.  Lieutenant Noland's testimony was to authenticate the emails and phone call. In order to do so, he was required to testify as to his occupation at the Lincoln County jail. Movant has not presented any authority to establish that counsel's failure to object to the "inmate" references was "outside the wide range of professionally competent assistance." *Strickland,* 46 U.S. at 690.  See also, *United States v. Johnson*, 624 F.3d815, (7th Cir. 2010); *United States v. Cross*, 888 F.3d 985, 990 (8th Cir.), *cert. denied,* 139 S. Ct. 351(2018)("As the district court noted, neither the government's witnesses nor the recording alluded to Cross being incarcerated. Whatever the jury might have inferred from the recording was a far cry from the prejudice that resulted from having to wear prison garb in *Williams*, which was 'likely to be a continuing influence throughout the trial.' *Id*. at 505, 96 S.Ct. 1691; see *United States v. Johnson*, 624 F.3d 815, 821–22 (7th Cir. 2010).").

Movant also objects to the admission of his email. The email, as the Government argues is admissible without the notice requirements of Rule 404(b) because it is intrinsic evidence as it can be construed as consciousness of guilt. *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000). As such, failure to object to the admission is not ineffective assistance of counsel.  Movant can show no prejudice by the failure to object.

**Ground Four**

Movant argues that counsel was ineffective for putting on evidence that was inconsistent with counsel's Opening Statement and for asking SA Hoffman the percentage of cases in federal court resulting in convictions.

The Eighth Circuit gives great deference to counsel's judgment in selecting witnesses. *Hanes v. Dormire,* 240 F.3d 694, 698 (8th Cir.2001). The decision whether to call witnesses ... may be a matter of trial strategy. *Hall v. Lubbers,* 296 F.3d 685, 694 (8th Cir.2002); *Battle v. Delo,* 19 F.3d 1547,1556 (8th Cir.1994). Counsel's decision to call the witnesses, which was made after meeting with them is a matter of trial strategy and will not be disturbed. *Strickland*, 466 U.S. at 690.

Movant also argues counsel was ineffective for asking Agent Huffman if he knew that the federal government wins "Ninety-seven to 99 percent" of its cases against defendants. Movant claims this question improperly projected to the jury that Government's evidence against a defendant--in almost all cases--is sufficient

of guilt beyond a reasonable doubt. Movant presents no authority for this argument; the argument is mere speculation on Movant's part and fails to establish any prejudice for counsel's question.  Indeed, counsel may have had a different reason for asking the question which counsel thought would benefit Movant's defense.  Without any other evidence or authority, the Court cannot engage in similar speculation.

## CONCLUSION

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a

court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, is **DENIED**.

18

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 7th day of December, 2020.

 

 

_____

HENRY EDWARD AUTREY

UNITED STATES DISTRICT JUDGE

19